## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KENNETH LEVERETTE & | ) |
| MACKCUS MACCABEE | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    Case No. 21-cv-1355 |
| | ) |
| ANNIE MALONE CHILDREN AND | ) |
| FAMILY SERVICE CENTER | )    **JURY TRIAL DEMANDED** |
| | ) |
| Serve: | ) |
| Joseph Anderson, Principal Officer | ) |
| 2612 Annie Malone Drive, | ) |
| Saint Louis, Missouri 63113 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## COUNT I

NOW COMES Plaintiff, Kenneth Leverette, by and through his undersigned attorneys, Jeffrey A. Kopis and Barry N. Moore Jr. of Jerome, Salmi & Kopis, LLC, and for his cause of action against the Defendant, Annie Malone Children and Family Service Center alleges to the Court as follows:

1.      At all relevant times the Plaintiff, Kenneth Leverette, was a citizen of the State of Illinois.

2.      At all relevant times Defendant, Annie Malone Children and Family Service Center, ("Annie Malone") was/is a 501(c)(3) incorporated in the State of Missouri with its principal place of business being in St. Louis, Missouri and therefore said Defendant was a citizen of the State of Missouri.

3.      On or about March 1, 2020 and for a long time prior there to, the Defendant possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain, and control both directly and indirectly individually and through its agents, servants and employees a certain family service center located at 5341 Page Boulevard, Saint Louis, Missouri 63112.

4.      At all times referred to herein, the Plaintiff, Kenneth Leverette, was lawfully on the aforesaid premises as a business invitee at the request of the Defendant.

5.      At all times relevant herein, the Defendant, Annie Malone, owed an affirmative duty to protect its business invitees and other persons legally upon its premises, including the Plaintiff, Kenneth Leverette, against unreasonable risks of physical harm including the criminal and violent acts of residents.

6.      On the evening of March 1, 2020 after 10:00 p.m., at least eight (8) individuals housed on the Defendant's premises began an altercation with Annie Malone employees, including Plaintiff, Kenneth Leverette.

7.      Plaintiff, Kenneth Leverette, was attacked, beaten and injured by these individuals while they were in the care and control of the Defendant.

8.      Defendant, Annie Malone, knew or through the exercise of ordinary care, should have known, the following:

    (a)     Defendant knew or should have known that the offering of certain programs to at risk, abused, and previously violent individuals would attract individuals with the intent of causing harm to others on the premises;

    (b)     That adequate warnings were needed, in addition to other security measures, to inform Defendant's business invitees and others of the likelihood of such an incident;

     (c)     That Defendant had a legal duty to provide adequate staffing and security to protect its invitees and others lawfully on its premises, including the Plaintiff, Kenneth Leverett, from criminal attacks by residents;

     (d)     That the presence of an adequately trained employees on Defendant's premises would have prevented the assailants from committing that crime;

9.     Each of the special facts, circumstances and allegations listed in the previous paragraph rendered Defendant's premises unreasonably dangerous and hazardous.

10.     That said attack and the likelihood of injury to its patrons, including the Plaintiff, Kenneth Leverett, was reasonably foreseeable by Defendant and its agents, servants and employees.

11.     That the Defendant, by and through its agents, servants, and/or employees, failed to exercise reasonable and ordinary care, and were negligent by reason of the following acts, and/or omissions:

     (a)     Defendant negligently failed to provide adequate security or an adequate number of properly trained personnel to protect its invitees and other individuals legally upon the premises, including the Plaintiff, when they knew or should have known there was likelihood of harm to patrons and invitees;

     (b)     Defendant negligently failed to provide adequate training to its employees, including how to control and manage violent individuals such as the ones that committed the attack;

     (c)     Defendant negligently failed to provide adequate, security or other necessary personnel to reasonably protect its invitees and other individuals legally upon the premises, including the Plaintiff, against the criminal acts of residents while on its premises;

     (d)     Defendant negligently failed to take reasonable, or any, action to protect its invitees and other individuals legally upon the premises, including the Plaintiff, against an unreasonable risk of physical harm while on its premises;

(e)     Defendant negligently failed to provide the Plaintiff with any warning or notice about the danger of such an incident or the absence of adequate security precautions;

(f)     Defendant negligently failed to utilize surveillance cameras, metal detectors, and/or other equipment to prevent those whose goal was to harm others from doing so;

(g)     Defendant negligently failed to provide adequate supervision of the activities taking place on its premises;

(i)     Defendant negligently failed to reasonably anticipate a criminal attack of this type and to take appropriate actions to prevent the incident;

(j)     Defendant negligently failed to provide any security personnel on the premises to reasonably protect its invitees and other individuals legally upon the premises, including the Plaintiff, against the criminal acts of residents while on its premises.

(k)     That Defendant negligently understaffed is premises;

(l)     Defendant failed to follow its own security procedures.

(m)    Defendant's personnel failed to intervene and stop the residents from attacking

(n)     Defendant negligently failed to take any reasonable steps to deter this incident; and

(o)     Defendant negligently failed to have a comprehensive security analysis performed by competent security professionals.

12.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, Kenneth Leverette, was caused severe and permanent injuries, including but not limited to, injuries to his mouth, jaw, face, head, wrists, and hands resulting in disability and disfigurement which has caused him and will cause him in the future to suffer great physical pain and mental anguish; and he has been and will be in the future be compelled to obligate himself for medical aid and attention; and he has become liable for certain doctor, hospital and pharmaceutical expenses both now and in the future, and he has lost certain wages

from his employment and he has lost the ability to enjoy a normal life, all to the damage of the Plaintiff, Kenneth Leverette.

WHEREFORE, Plaintiff, Kenneth Leverette, respectfully requests that this Court enter judgment in favor of the Plaintiff and against Defendant, Annie Malone Children and Family Service Center, in an amount in excess of seventy-five thousand dollars ($75,000.00) plus costs of suit

<div style="margin-left:auto; width:50%;">

/s/ Jeffrey A. Kopis
Jeffrey A. Kopis, #40447
ED ECF #:45248
Barry N. Moore Jr., #71085
ED ECF #: 71085MO
JEROME, SALMI & KOPIS, LLC
331 Salem Place, Suite 260
Fairview Heights, IL  62208
(618) 726- 2222
(618) 230- 3331 – Fax
E-mail: jkopis@jsklawfirm.com
Attorney for Plaintiff

</div>

## COUNT II

NOW COMES Plaintiff, Mackcus Maccabee, by and through his undersigned attorneys, Jeffrey A. Kopis and Barry N. Moore Jr. of Jerome, Salmi & Kopis, LLC, and for his cause of action against the Defendant, Annie Malone Children and Family Service Center alleges to the Court as follows:

1.      At all relevant times the Plaintiff, Mackcus Maccabee, was a citizen of the State of Illinois.

2.      At all relevant times Defendant, Annie Malone Children and Family Service Center, ("Annie Malone") was/is a 501(c)(3) incorporated in the State of Missouri with its principal place of business being in St. Louis, Missouri and therefore said Defendant was a citizen of the State of Missouri.

3.      On or about March 1st, 2020 and for a long time prior there to, the Defendant possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain, and control both directly and indirectly individually and through its agents, servants and employees a certain family service center located at 5341 Page Boulevard, Saint Louis, Missouri 63112.

4.      At all times referred to herein, the Plaintiff, Mackcus Maccabee, was lawfully on the aforesaid premises as a business invitee at the request of the Defendant.

6.      At all times relevant herein, the Defendant, Annie Malone, owed an affirmative duty to protect its business invitees and other persons legally upon its premises, including the Plaintiff, Mackcus Maccabee, against unreasonable risks of physical harm including the criminal and violent acts of residents.

7.      In the evening of March 1st after 10:00 p.m., at least eight (8) individuals housed on the Defendant's premises began an altercation with Annie Malone employees, including Plaintiff, Mackcus Maccabee.

8.      Plaintiff, Mackcus Maccabee, was attacked, beaten and injured by these individuals while they were in the care and control of the Defendant.

10.      Defendant, Annie Malone, knew or through the exercise of ordinary care, should have known, the following:

      (a)      Defendant knew of should have known that the offering of certain programs to at risk, abused, and previously violent individuals would attract individuals with the intent of causing harm onto the premises;

      (b)      That adequate warnings were needed, in addition to other security measures, to inform Defendant's business invitees and others of the likelihood of such an incident;

(c)     That Defendant had a legal duty to provide adequate security to protect its patrons, business invitees and others who might legally be upon its premises, including the Plaintiff, Mackcus Maccabee, from criminal attacks by residents;

(d)     That the presence of an adequately trained employees on Defendant's premises would have prevented the assailants from committing that crime;

11.     Each of the special facts, circumstances and allegations listed in the previous paragraph rendered Defendant's premises unreasonably dangerous and hazardous.

12.     That said attack and the likelihood of injury to its patrons, including the Plaintiff, Kenneth Leverett, was foreseeable by Defendant and its agents, servants and employees.

13.     That the Defendant, by and through its agents, servants, and/or employees, failed to exercise reasonable and ordinary care, and were negligent by reason of the following acts, and/or omissions:

(a)     Defendant negligently failed to provide adequate security or an adequate number of properly trained personnel to protect its invitees and other individuals legally upon the premises, including the Plaintiff, when they knew or should have known there was likelihood of harm to patrons and invitees;

(b)     Defendant negligently failed to provide adequate training to its employees, including how to control and manage violent individuals such as the ones that committed the attack;

(c)     Defendant negligently failed to provide adequate, security or other necessary personnel to reasonably protect its invitees and other individuals legally upon the premises, including the Plaintiff, against the criminal acts of residents while on its premises;

(d)     Defendant negligently failed to take reasonable, or any, action to protect its invitees and other individuals legally upon the premises, including the Plaintiff, against an unreasonable risk of physical harm while on its premises;

(e)     Defendant negligently failed to provide the Plaintiff with any warning or notice about the danger of such an incident or the absence of adequate security precautions;

(f)     Defendant negligently failed to utilize surveillance cameras, metal detectors, and/or other equipment to prevent those whose goal was to harm others from doing so;

(g)     Defendant negligently failed to provide adequate supervision of the activities taking place on its premises;

(ii)     Defendant negligently failed to reasonably anticipate a criminal attack of this type and to take appropriate actions to prevent the incident;

(j)     Defendant negligently failed to provide any security personnel on the premises to reasonably protect its invitees and other individuals legally upon the premises, including the Plaintiff, against the criminal acts of residents while on its premises.

(k)     That Defendant negligently understaffed is premises;

(l)     Defendant failed to follow its own security procedures.

(m)     Defendant's personnel failed to intervene and stop the residents from attacking

(n)     Defendant negligently failed to take any reasonable steps to deter this incident; and

(o)     Defendant negligently failed to have a comprehensive security analysis performed by competent security professionals.

14.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, Mackcus Maccabee, was caused severe and permanent injuries, including but not limited to, injuries to his head, spine, back, ribs, abdomen, left shoulder and left knee, resulting in disability and disfigurement which has caused him and will cause him in the future to suffer great physical pain and mental anguish; and he has been and will be in the future be compelled to obligate himself for medical aid and attention; and he has become liable for certain doctor, hospital and pharmaceutical expenses both now and in the future, and he has lost certain wages from his employment and he has lost the ability to enjoy a normal life, all to the damage of the Plaintiff, Mackcus Maccabee.

WHEREFORE, Plaintiff, Mackcus Maccabee, respectfully requests that this Court enter judgment in favor of the Plaintiff and against Defendant, Annie Malone Children and Family Service Center, in an amount in excess of twenty-five thousand dollars ($25,000.00) plus costs of suit.

/s/ Jeffrey A. Kopis
Jeffrey A. Kopis, #40447
ED ECF #:45248
Barry N. Moore Jr., #71085
ED ECF #: 71085MO
JEROME, SALMI & KOPIS, LLC
331 Salem Place, Suite 260
Fairview Heights, IL  62208
(618) 726- 2222
(618) 230- 3331 – Fax
E-mail: jkopis@jsklawfirm.com
Attorney for Plaintiff